tract and being alone liable upon it, is to be sued where he lives and be held to answer there, unless service can be had upon him in some other jurisdiction. So that I think the motion to dismiss for want of jurisdiction should be sustained.

The action will therefore be dismissed at the costs of the plaintiff, as to the defendant Hubert H. Ward.

The action was afterwards dismissed by the plaintiff as to the defendant insurance company.

### PROSECUTION BEFORE A MAYOR FOR INDECENT CONDUCT.

Common Pleas Court of Huron County.

MARY J. KING v. THE VILLAGE OF NEW LONDON, OHIO.

Decided, October 7, 1907.

*Criminal Law—Prosecution for Indecent Conduct—Bill of Exceptions—Time of Signing by Mayor—Discretion of Mayor as to Trial of Case—Facts Constituting the Offense Should be Set Out in the Affidavit—Evidence—Admissions of Guilt by One of the Parties to the Offense.*

1. It is not too late after verdict and sentence, but before separation of the parties or discharge of the jury, for a mayor or justice of the peace to fix the time for settling, signing and filing a bill of exceptions.
2. It is a matter of discretion with a mayor in a trial for violation of an ordinance where imprisonment is prescribed whether he bind the defendant over to the grand jury, or proceed to try him on the merits.
3. In a prosecution under an ordinance making indecent conduct a punishable offense, the affidavit should state what act or acts committed by the defendant are claimed to constitute indecent conduct.
4. Where two persons are charged with indecent conduct and one of them enters a plea of guilty, it is error to bring that fact to the attention of the jury, impanneled to try the other party under his plea of not guilty.

*S. L. Americus,* for plaintiff in error.

*E. M. Palmer,* Village Solicitor, contra.

RICHARDS, J.

This case is brought into this court upon petition in error from the mayor's court of the village of New London, Ohio. The defendant below was arrested under an ordinance of the village and prosecuted before the mayor and tried to a jury. The affidavit charged, or attempted to charge, that "the defendant was guilty of indecent conduct."

A motion was made in this court to strike the bill of exceptions from the files on the ground that at the time the mayor fixed the date for settling, signing and filing the bill of exceptions he had lost jurisdiction of the case. It appears from the record in this case that when the verdict was received the defendant, upon being sentenced, asked through her counsel that the mayor fix the time for settling the bill of exceptions and thereupon he did fix the date. The record shows that at the time that date was fixed the jury had not yet been discharged, although their verdict had been received and the defendant had been sentenced.

It is the opinion of this court that under the circumstances the time of settling the bill of exceptions was properly fixed. There are various cases to which the attention of the court has been called, where it is said that justices and mayors by delay in fixing the time have lost jurisdiction, but all these cases to which my attention has been directed are cases where final judgment has been rendered and the parties have left the office of the justice or mayor, but in this case the time was fixed while the parties were still together.

It looks to me to be highly unjust, if you treat the parties as in the mayor's court or in a justice's court, if they are unable to get a bill of exceptions because it was not asked for and the time fixed prior to the rendition of the decision. Perchance the party might not want a bill of exceptions or could not well decide until the rendition of the decision, but when that is rendered, if he thereupon promptly, before the departure of the parties, asks for the fixing of the date, it seems to me that ought to be and is under our law in time.

This case was tried, as I have said, to a jury and many grounds of exceptions were offered and many grounds of error were set

forth in the petition in error, but I will not take the time to pass in detail upon all of them. One objection was made that the mayor erred in assuming that it was within his province to take final jurisdiction of the case and try the case upon its merits, the contention upon the part of the defendant below being that the case should have been sent to the common pleas court and the defendant bound over. I think, however, that there is no doubt under Section 1536-879 of the Revised Statutes that the matter is discretionary with the mayor. If he had thought, for any reason satisfactory to himself, that the cause of justice would be best subserved by binding the defendant over, he might have so done, or if he thought otherwise, he might proceed as he did and try the defendant upon the merits of the case.

The affidavit against the defendant in this case has been assailed vigorously at all steps of the procedure. It was assailed by motion to quash, and by demurrer in the court below, and by motion in arrest of judgment. In all these proceedings the mayor held against the defendant below, and that action of the mayor is assigned as grounds of error in this court. The affidavit, omitting the immaterial parts, reads as follows:

"Before me, Ralph J. Smith, mayor of the village of New London, Ohio, personally appeared G. H. Smith, who deposes and says that on or about the 2d day of March, 1907, at the village of New London in said county and state, one Mary J. King did violate the public peace of the village of New London, Ohio, by indecent conduct, and being the owner of a certain house in said village, did suffer and permit indecent conduct to be committed therein, in violation of law."

It is urged in this case that the affidavit states a conclusion, and only a conclusion, and contains no facts upon which the defendant could have been lawfully placed on trial; that it does not advise the defendant of what act she is charged. It is claimed that the charge is based upon what the affiant believes to be indecent conduct. It appears to this court that there is much force in these objections to this affidavit. It does not lie in the mouth of a complainant in a court of justice to state a conclusion of law, and rest the case upon that, and force the de-

fendant to trial without sufficient allegations to advise the defendant upon what charge she is to be placed upon trial.

The court can not know from this affidavit whether the things that this defendant was said to have committed were or were not "indecent conduct." The man who swore to this affidavit says "she was guilty of indecent conduct," but in what did that consist? Perhaps his idea of indecent conduct might differ from that of some other person who might be called upon to verify an affidavit, and perhaps the ideas of both of them might differ from that of the court. The affidavit ought to be sufficient in itself so that any lawyer of ordinary intelligence, reading the affidavit, could ascertain whether the thing charged against the defendant is sufficient to constitute an offense and sufficient to amount to a violation of some ordinance of the village.

The ordinance in this case seeks to punish "indecent conduct," but I take it that in the drawing of this affidavit under that ordinance, the affidavit by all the rules of legal procedure ought to set out what act it is with which the defendant is charged—what acts are claimed to constitute "indecent conduct."

This affidavit states, in the opinion of this court, nothing more than a conclusion. The court trying the defendant under this charge could not know until the evidence in behalf of the village was introduced, whether the affidavit charged an offense or whether it did not.

Suppose the affiant verifying this kind of an affidavit believes that certain conduct, which he had reason to believe the defendant was guilty of, constitutes "indecent conduct," and files an affidavit charging the defendant with "indecent conduct," and the case is tried, and when the evidence is all in in behalf of the village, it appears to the mayor that the thing which was claimed to be "indecent conduct" did not in law constitute "indecent conduct," yet the defendant has been placed upon trial without an opportunity to know with definiteness what offense she is charged with committing, and hence without an opportunity to subpoena witnesses, or such witnesses as may be needed to make her defense.

In the 10th Ohio Decisions, on pages 492 and 493 (8 N. P., 48), is the case of *Mary Hummel* v. *The State of Ohio,* to which I call

attention. The decision is by Judge Evans in the Common Pleas Court of Franklin County. In that case the court says:

"The rule that an indictment must aver, with reasonable certainty, all the material facts which are necessary to be proven to procure a conviction, which has not been changed by the code of criminal procedure, applies to prosecutions in the police court based upon affidavits.

"If there is any relaxation of the rule as to magistrates generally, it is as to matters of form only, and not as to matters of substance. The charge, whether in affidavit or in indictment, must allege in some form, with reasonable certainty, every material fact necessary to be proven to procure a conviction, which includes every fact essentially necessary to a description of the offense."

In this case, I am not able to find any fact alleged in the affidavit, but simply a conclusion of the affiant that the person whom he seeks to prosecute is guilty of "indecent conduct."

In the course of the opinion in the case which I have just cited, the court says:

"It is a well settled rule of criminal proceeding or of criminal pleading that an indictment must aver, with reasonable certainty, all the material facts which are necessary to be proven to procure a conviction, and this rule has not been changed by the code of criminal procedure (*Ellars* v. *State*, 25 Ohio State, 385-388). This rule of pleading applies to prosecutions in the police court based upon affidavits."

The averment in the case cited above was that the language was "obscene and licentious." The court says that this merely states the opinion or conclusion of the affiant. It does not characterize the offense. It does not dispense with a statement of the constituent facts which must be alleged. They are always indispensable, but the conclusion may be omitted. Now, taking the case at bar, it seems to the court that the affidavit states a conclusion without the facts. If we reverse it, if the affiant had given facts omitting the conclusions, the court and jury could ascertain whether the acts alleged to have been committed by this woman were or were not "indecent conduct." Instead of that, the affiant assumes the power to determine them for himself.

Another decision to the same effect is in the 12th Ohio Decisions, at page 730.   The case is that of *Nicholas J. Arata* v. *State of Ohio*.   The first proposition of the syllabus reads as follows:

"An affidavit which is so drawn that the act set forth therein may or may not be an infraction of law, so that it is necessary to wait until the prosecution has introduced its evidence before the defendant can know whether or not he must make any defense, is fatally defective."

A case that arose in Sandusky county some years ago and went to the Supreme Court, is also pertinent upon this question.   It is the case of *Whiting* v. *The State of Ohio*, found in the 48th Ohio State Reports, at page 221.

It was suggested in the argument of this case that perchance the acts claimed to be "indecent," were of such a nature that it would be improper to set them forth in an affidavit.   If that were true, the fact excusing the setting of them forth should be stated in the affidavit.   That is stated in pursuance of the doctrine announced in the Zurhorst case, found in the 75th Ohio State Reports, at page 232, which was a case that went to the Supreme Court from Erie county.   The defendant was indicted for having in his possession certain pamphlets alleged to be "indecent and immoral" and the indictment proceeded to state that they were too obscene to set forth in an indictment; and the Supreme Court held that that having been pleaded in the indictment was sufficient excuse.   But in the case at bar there is no excuse given for failing to set forth the facts in the affidavit.   Certainly there could have been some intimation given of what acts this defendant was charged with.   The opinion of the court therefore is that this affidavit is not sufficient in law to have placed the defendant below upon trial.

There is another matter that perhaps is unnecessary to determine, but it is simply passed to me to indicate an opinion upon the case because I can not foresee what might happen in the future as to the alleged offense of the defendant.

In the trial of this case to the jury there was introduced in evidence what purported to be a confession of a man by the name of Zerker, and it seems from the record introduced that he

had been arrested and had pleaded guilty to the commission of acts which constituted "indecent conduct," before this same judicial officer; and it appears that these acts were committed upon the same occasion as the ones with which this defendant is said to be charged, and the record of that plea of guilty, that confession of Zerker, was introduced in evidence and read to the jury in this case apparently for the purpose of convincing the jury, that because Zerker had admitted his guilt therefore the defendant, Mrs. King, was also guilty. The court is not able to take that view of the matter. It does not appear that these persons were charged with conspiracy, and if they had been, the statement or admission of the offense of one of them would not be admissible against the other one unless made during the pendency of a conspiracy and in furtherance of it; and under the circumstances of this case, it could not fail to have been prejudicial to the defendant below to have read to the jury the confession of Zerker. I cite 5th Ohio, page 280; 6 Ohio State, page 467; 4th Elliott on Evidence, Sections 2943 and 2944.

It follows that the motion to strike the bill of exceptions from the files will be overruled and the exception of the defendant noted, and that the judgment of the court below will be reversed at the cost of the defendant in error and the plaintiff in error discharged.

I might say that the main controversy in this case, being in regard to the affidavit, did not depend upon the question whether the bill of exceptions was properly here or not.